## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 15** |
| | |
| | **Case No. 14-10240 (MFW)** |
| **ELECTRO SONIC INC.**, *et al.*[1], | |
| | |
| **Debtors is a Foreign Proceeding.** | |
| | **(Jointly Administered)** |
| | |
| | |
| | **Re: Dkt. No. 5** |

## ORDER GRANTING PROVISIONAL RELIEF PENDING
## HEARING ON PETITION FOR RECOGNITION OF A FOREIGN
## MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a) AND 1519

Upon the motion ("Motion")[2] of MNP LTD. ("MNP" or "Foreign Representative"), as

the proposal trustee for both chapter 15 debtors ELECTRO SONIC INC. ("ESI") and ELECTRO

SONIC OF AMERICA LLC ("ESA," and together with ESI, the "Company" or the "Debtors"),

the authorized foreign representative in proceedings under section 50.4 of the Canadian

*Bankruptcy and Insolvency Act*, R.S.C. 1985,c. B-3, as amended (the "BIA") (the "Canadian

Proceeding"), by its United States counsel, Perkins Coie LLP and The Rosner Law Group LLC,

pursuant to sections 362, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), for entry of (a) a provisional order (this

"Order"): (i) recognizing and enforcing in the United States, on an interim basis, the Canadian

Stay issued on February 6, 2014, (ii) applying section 362 of the Bankruptcy Code  in these

chapter 15 cases on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of

the Bankruptcy Code, and (iii) granting such other and further relief as this Court deems just and

---

[1] The Debtors in the foreign proceeding, along with the last four digits of the United States Tax Identification Number or Canadian Business Number, as applicable, of each of the Debtors are as follows: (i) Electro Sonic Inc. (4973); and (ii) Electro Sonic of America LLC (3554).

[2] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

proper; and (b) a final order after notice and a hearing (the "Final Order") (i) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Canadian Stay, including any extensions or amendments thereof authorized by the Canadian Court and extending the protections of this Order to the Debtors on a final basis, and (iii) granting such other and further relief as this Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012, and the Court having considered and reviewed the verified petitions filed by the Debtors under chapter 15 of the Bankruptcy Code, and required documents thereto (the "Chapter 15 Petition"), the Shiner Declaration and Memorandum of Law, and at the scheduled hearing in open court having heard the argument of counsel for the relief requested and having found timely and proper service of the Motion, and supporting First Day Papers; and it appearing that no other or further notice need be provided; and it appearing that the provisional relief requested by the Motion is in the best interest of the Debtors, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

### THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact,

they are adopted as such.

B.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C.      MNP has demonstrated a likelihood of success that the Company is subject to a pending foreign main proceeding in Canada and that MNP is the foreign representative of the Company;

D.      The commencement or continuation of any action or proceeding in the United States against the Company or any of its property within the territorial jurisdiction of the United States or proceeds thereof, should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code as it will maintain the status quo until the recognition hearing and, the relief requested will either not cause an undue hardship or that any hardship to parties in interest is outweighed by the benefits;

E.      Unless a preliminary injunction is issued, it appears to the Court that there is a material risk that the Foreign Representative and the Company will become unnecessarily distracted and/or prejudiced by any proceedings filed against the Company here in the United States, and as a result, the Company may suffer immediate and irreparable injury for which it may have no adequate remedy at law; and

F.      The interests of the public and the public policy of the United States will be served by entry of this Order.

G.    The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED**, that:

1.    The Motion is granted to the extent set forth herein.

2.    The Canadian Stay is hereby enforced on an interim basis, including, without limitation, staying the commencement or continuation of any actions against the Debtors or their assets, and shall be given full force and effect in the United States until otherwise ordered by this Court

3.    While this Order is in effect, the Foreign Representative and the Debtors shall be entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtors' assets within the territorial jurisdiction of the United States.

4.    Pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is hereby made applicable in these cases to the Debtors and the property of the Debtors within the territorial jurisdiction of the United States.  Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents, are hereby enjoined from:

a)    securing or executing against any asset or property of the Company or taking any actions to undertake the enforcement in the United States of any judicial, quasi-judicial, administrative or monetary judgment,

assessment or order or arbitration award against Petitioner (in its capacity as foreign representative of the Company) the Company or its property, whether owned, chartered or leased or the proceeds thereof within the territorial jurisdiction of the United States as further defined in 11 U.S.C. § 1502(8) ("Assets");

b)      taking any actions to undertake the commencement or continuation of any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against Petitioner (as above), the Company or against any of its Assets that is or are located in the territorial jurisdiction of the United States, or unless otherwise expressly permitted by the Trustee Order in the Canadian Proceeding; and

c)      taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (as defined above), the Company or Company's Assets, or unless otherwise expressly permitted by the Trustee Order in the Canadian Proceeding;

d)      seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to Petitioner (as defined above), the Company or the Company's Assets;

e)      transferring, relinquishing or disposing of any Assets to any person or entity other than Petitioner;

Notwithstanding the foregoing, any party may (i) advance funds for the preservation or protection of the Company's Assets that are in the custody of a U.S. District Court upon reasonable prior notice to Petitioner's U.S. counsel, subject to any party's right to contest the

propriety of such advances, (ii) send notices to third party that are required or permitted under the terms of those parties' agreements concerning such Assets;

5.     Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

6.     Notwithstanding any provision in the Bankruptcy Rules to the contrary:  (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign  Representative shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and  empowered, and may in its discretion and without further delay, take any action and perform any  act necessary to implement and effectuate the terms of this Order.

7.     Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived;

8.     The Supporting Papers shall be made available by the Petitioner upon request by an identified interested party at the offices of MNP's United States counsel, Schuyler G. Carroll, Esq., Perkins Coie, LLP, 30 Rockefeller Plaza, New York, NY 10112, (212) 262-6905, SCarroll@perkinscoie.com, or Scott J. Leonhardt, Esq., The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, DE 19801, (302) 319-6301, leonhardt@teamrosner.com.

9.     This Order shall be served: a) by United States mail, first class postage prepaid, or by e-mail on or before February 14, 2014, upon the known parties-in-interest within the United

States at the time of such service; b) by United States mail, first class postage prepaid, or by e-mail, upon additional parties-in-interest within the United States at such time as they are sufficiently identified;

10.     Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes; and

11.     This Preliminary Injunction shall remain in effect pending a hearing and entry of a final order on Petitioner's application for recognition under Chapter 15 of the U.S. Bankruptcy Code, which hearing is scheduled to commence before the Honorable Mary F. Walrath, Fifth Floor, Courtroom 5 at the United States Bankruptcy Court, 824 N. Market Street, Wilmington, Delaware on a date and time to be determined.

Dated: Wilmington, Delaware
      February _11_, 2014

_____
UNITED STATES BANKRUPTCY JUDGE